## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CHRISTOPHER GARTH WILLIAMS, )
    #43914 )
                                             )
          Plaintiff, )     3:10-cv-00458-LRH-VPC
                                     )
vs. )
                                     )     **ORDER**
DR. ARANAS, *et al.*, )
                                     )
          Defendants. )
_____/

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has filed several motions, including a motion for counsel (docket #10), which the court addresses first.

**I.     Plaintiff's Motion for Appointment of Counsel**

Plaintiff has filed a motion seeking the appointment of counsel in this case (docket #10). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 13253 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. The circumstances in which a court will make such a request, however, are exceedingly rare, and the court will make the request under only extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the plaintiff's ability to articulate his claims in *pro se* in light of the complexity of the legal issues involved. Neither factor is dispositive, and both must be viewed together in making a finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)(citing *Wilborn, supra*, 789

F.2d at 1331). The district court has considerable discretion in making these findings. The court will not enter an order directing the appointment of counsel. Plaintiff's motion for the appointment of counsel is denied.

The court now reviews the complaint.

**II.     Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21

1  (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All
2  or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims
3  lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are
4  untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal
5  interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*
6  fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932
7  F.2d 795, 798 (9th Cir. 1991).

8  To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained
9  of was committed by a person acting under color of state law; and (2) that the conduct deprived the
10  plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.
11  2006).

12  **III.    Instant Complaint**

13  Plaintiff, who is incarcerated at Nevada State Prison ("NSP"), has sued the State of Nevada, the
14  Nevada Department of Corrections ("NDOC"), NDOC Director Howard Skolnik, NDOC Medical
15  Director Robert Bannister, NSP warden Gregory Smith, Southern Desert Correctional Center ("SDCC")
16  warden Brian Williams, High Desert State Prison ("HDSP") warden Dwight Neven, the following
17  physicians: Dr. Aranas, HDSP's Dr. Hanif, Francisco Sanchez, Dr. William Donnelly, Dr. Karen
18  Gedney, the following nurses: Jane Doe HDSP Director of Nursing, Digliores, Cheryl Dressler, Kathy
19  King, Kathy Seegmiller, case worker Vince Hain, and John and Jane Does Medical Review Panel
20  members. Plaintiff alleges that defendants have failed to treat his Hepatitis C in deliberate indifference
21  to his serious medical needs in violation of his Eighth Amendment rights. As to his federal claims, he
22  further alleges violations of his Fourteenth Amendment rights and conspiracy in violation of 42 U.S.C.
23  § 1985.

24  As an initial matter, while plaintiff names the State of Nevada and NDOC as defendants, states
25  and any governmental agency that is an arm of the state are not persons for purposes of § 1983. *See*
26  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*,
27  491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *Hale*
28  *v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc); *Gilbreath v. Cutter Biological, Inc.*, 931

1  F.2d 1320, 1327 (9th Cir. 1991); *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d
2  816, 824-25 (9th Cir. 2007). Section 1983 claims against states or a governmental entity that is an arm
3  of the state, therefore, are legally frivolous. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989),
4  superseded by statute on other grounds as stated in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
5  (*en banc*). Because NDOC is one of the arms of the State, it is not a person for the purposes of § 1983.
6  *See Doe*, 131 F.3d 836; *Black v. Nevada Dept. Of Corrections*, 2010 WL 2545760 at *2 (Slip Copy,
7  June 21, 2010, D.Nev.). Accordingly, the claims against the State of Nevada and NDOC are dismissed
8  with prejudice. The State of Nevada and NDOC are dismissed from this action.

9  Plaintiff claims that he contracted Hepatitis C while at HDSP. He alleges that while at HDSP,
10 SDCC, and NSP, the wardens, medical staff and caseworker Hain all either specifically denied him
11 treatment or effective treatment for Hepatitis C or upheld grievances denying such treatment.

12 The Eighth Amendment prohibits the imposition of cruel and unusual punishments and
13 "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." *Estelle*
14 *v. Gamble*, 429 U.S. 97, 102 (1976). A detainee or prisoner's claim of inadequate medical care does
15 not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate
16 indifference to serious medical needs." *Id.* at 106. The "deliberate indifference" standard involves an
17 objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently
18 serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298
19 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails
20 more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.
21 *Farmer*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the
22 official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

23 In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
24 civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere
25 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*
26 *v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), citing *Estelle*, 429 U.S. at 105-06. "[A]
27 complaint that a physician has been negligent in diagnosing or treating a medical condition does not
28 state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does

4

not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. at 106; *see also Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995); *McGuckin v. Smith*, 974 F.2d 1050, 1050 (9th Cir. 1992) (*overruled on other grounds*)*, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Delay of, or interference with, medical treatment can also amount to deliberate indifference. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 1996); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, (9th Cir. 1997) (en banc); *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. *See Hallett*, 296 F.3d at 745-46; *McGuckin*, 974 F.2d at 1060; *Shapley v. Nev. Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

Plaintiff states Eighth Amendment medical claims against all remaining defendants except NDOC Director Skolnik.

With respect to defendant Skolnik, "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation). Plaintiff does not describe any specific actions by Director Skolnik whatsoever, nor does he allege that Skolnik had knowledge of or participated in any alleged civil rights violation. Accordingly, all claims against Director Skolnik are dismissed, and he is dismissed from this action.

5

1    Plaintiff also claims that other inmates with Hepatitis C are receiving medication and treatment in violation of his Fourteenth Amendment equal protection rights. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners are also protected by the Equal Protection Clause from intentional discrimination on the basis of their religion. *See Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997). To establish a violation of the Equal Protection Clause, the prisoner must present evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976). Plaintiff has not alleged that defendants intentionally discriminated against him based on race or religion or his membership in any other protected class. Therefore, plaintiff's Fourteenth Amendment Equal Protection claim is dismissed.

  Finally, plaintiff claims that all defendants conspired to violate his constitutional rights in violation of 42 U.S.C. § 1985. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980); *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971). In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. *Id.; Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1039 (9th Cir. 1991). Plaintiff's general allegations that "defendants and each of them, by their collective acts, omissions, conducts and/or failures . . . have jointly conspired to deliberately and intentionally" violate plaintiff's civil rights are insufficient to state a claim under § 1985, and accordingly, this claim is dismissed.

**IV.   Conclusion**

**IT IS THEREFORE ORDERED** that the Clerk of Court shall file the complaint (docket #1-1, Exhibit B).

**IT IS FURTHER ORDERED** that plaintiff's claims against the State of Nevada, NDOC, and

Howard Skolnik are **DISMISSED**. The State of Nevada, NDOC and Howard Skolnik are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff's Eighth Amendment claims **MAY PROCEED** as to the remaining defendants.

**IT IS FURTHER ORDERED** that plaintiff's Fourteenth Amendment claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that plaintiff's claims pursuant to 42 U.S.C. § 1985 are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve plaintiff's motion for temporary restraining order and preliminary injunctive relief (docket #7 and #8) on defendants. Defendants shall file and serve a response to such motion within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, the response shall be due within **thirty (30) days** following the order declining mediation.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein. The court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (docket #10)

7

1  and motion for issuance of scheduling order (docket #11) are **DENIED**.

2      **IT IS FURTHER ORDERED** that plaintiff's motion to extend service of process on unserved
3  defendants (docket #9) is **DENIED without prejudice**.  Plaintiff has leave to re-file this motion if
4  necessary after defendants' response to this order and/or after mediation.

5      **IT IS FURTHER ORDERED** that plaintiff's "motion for rulings upon unopposed pleadings
6  that were filed and served prior to defendants' notice for removal from state court" (docket #12) is
7  **DENIED** as moot**.**

8      **IT IS FURTHER ORDERED** that plaintiff's Notice/motion for disposition on removed actions
9  (docket #15) is an inappropriate attempt to circumvent the normal procedures of the court and will be
10 disregarded.

11

12     DATED this 9th day of November, 2010.

13

14

15                                                                                                              LARRY R. HICKS
16                                                                                                              UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

```
_____
Name
_____
Prison Number
_____
Address

_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )     Case No. _____
                  Plaintiff,    )
                                )
v.                              )     **NOTICE OF INTENT TO**
                                )     **PROCEED WITH MEDIATION**
_____  )
                                )
_____  )
                  Defendants.   )
_____  )

   This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.   Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.   If no, please state the reason(s) you do not wish to proceed with mediation? _____

     _____

     _____

     _____

3.   List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

     _____

     _____

     _____

4.   List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

     _____

     _____

     _____

9

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or
helped prepare this document