1

2

3

4

5

6 **UNITED STATES DISTRICT COURT**

7 **DISTRICT OF NEVADA**

8

9  CHRISTOPHER GARTH WILLIAMS,    )
                                   )
10          Plaintiff,              )        3:10-cv-00458-LRH-VPC
                                   )
11  vs.                            )
                                   )        **ORDER**
12  ROBERT BRUCE BANNISTER, *et al.*,  )
                                   )
13          Defendants.             )
   _____/

14

15          On November 9, 2010, the court issued a screening order in this case pursuant to the Prisoner

16  Litigation Reform Act, 28 U.S.C. § 1915(e)(2), that dismissed certain of plaintiff's claims and allowed

17  others to proceed (docket #16).  Before the court is plaintiff's motion for district judge to reconsider

18  order (docket #20).

19          Where a ruling has resulted in final judgment or order, a motion for reconsideration may be

20  construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

21  59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J*

22  *Multnomah County v. AC&S, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

23          Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the

24  following reasons:

25          (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
            which by due diligence could not have been discovered in time to move for a new trial
26          under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
            misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5)
27          the judgment has been satisfied, released, or discharged, or a prior judgment upon which
            it is based has been reversed or otherwise vacated, or it is no longer equitable that the
28          judgment should have prospective application; or (6) any other reason justifying relief

1    from the operation of the judgment.

2    Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin*

3    *Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party

4    must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

5    decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986),

6    *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal

7    Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later

8    than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should

9    not be granted, absent highly unusual circumstances, unless the district court is presented with newly

10   discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

11   *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253,

12   1255 (9th Cir. 1999).

13       In the order of November 9, 2010, the court allowed plaintiff's Eighth Amendment medical

14   claims to proceed against several defendants.  The court dismissed plaintiff's claims against the State

15   of Nevada and the Nevada Department of Corrections ("NDOC") because states and arms of the state

16   are not persons for the purposes of 42 U.S.C. § 1983, dismissed plaintiff's claims against NDOC

17   Director Skolnik because he failed to allege the director had knowledge of or participated in civil rights

18   violations, dismissed the Fourteenth Amendment equal protection claim because plaintiff failed to allege

19   that defendants discriminated against him based on race or religion or membership in a protected class,

20   and dismissed plaintiff's conspiracy claim because he merely alleged generally that defendants

21   conspired to violate his civil rights (docket #16).  Plaintiff has failed to make an adequate showing under

22   either Rule 60(b) or 59(e) that this court's order dismissing these claims and defendants should be

23   reversed.       **IT IS THEREFORE ORDERED** that plaintiff's motion for district judge to reconsider

24   order (docket #20) is **DENIED.**

25       Dated this 17th day of February, 2011.

26

27                                                    _____

28                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

2